**PENNY v. UNITED STATES.**

No. 12099.

United States Court of Appeals
Sixth Circuit.
June 16, 1954.

———◆———

John P. Strother, Cincinnati, Ohio, for appellant.

Edwin R. Denney, Lexington, Ky., for appellee.

Before ALLEN, MARTIN, and McALLISTER, Circuit Judges.

### PER CURIAM.

This is an appeal from a conviction for failing to appear before the draft board for induction into the armed forces. Appellant claims that the draft board's order was void because the local board failed to give him a full and fair hearing upon his personal appearance on his claim for exemption, thereby depriving him of his right to procedural due process; that appellant was erroneously charged with failing to appear for induction on May 20, 1953, whereas the draft board had actually notified him on that day to report for induction on June 2, 1953; that the trial court erred in permitting the introduction of hearsay evidence before the jury; and that the draft board's order was void because the local board failed to give appellant a hearing and classification upon his claim to the status of conscientious objector, which he filed on September 29, 1952; and he was thereby deprived of the right to appeal therefrom.

Appellant, when just past eighteen years of age, registered with his local draft board; and when nineteen years of age, filed a Form 150 as a conscientious objector. When he was twenty years old, in July, 1950, he voluntarily retracted his claim as a conscientious objector in a written statement in which he declared: "In order to clarify statements made in Selective Service System Form 150, after discussing the matter with Local Board members and reading the definition of conscientious objector, I voluntarily retract my claim and make this statement: My objection is to being drafted. If war comes, I will go all the way. I may, if I feel like it, enlist because I do not want to be drafted. The church to which I belong does not teach opposition to war any more than any other church."

This statement was signed by appellant and witnessed by two members of the board. However, on his further showing, the board classified him as a ministerial student exempt from military service. In 1952, when appellant was twenty-two years old, the draft board began to receive information and reports indicating he was not entitled to a classification as a ministerial student. The police of Covington, Kentucky, reported that he had been arrested on June 28, 1952, for improper driving; and the police of Ludlow reported that, on July 2, 1952, he had been arrested there after driving his own car out into the woods near the Big Four Mills, pouring gasoline over it, and setting fire to the car and the weeds resulting in the neighbors' calling the fire department. He was thereafter tried for violation of the law arising out of this occurrence and fined $50.00 and costs by Judge Mershon, who severely reprimanded him.

The minister of the church which appellant and his family attended in Ludlow was questioned and he stated that the family had been members of his church until it was time for appellant to be inducted into service, and that they then had transferred to a different church in Cincinnati; that appellant had come home from the religious college during the last academic year, presumably because his grandmother was seriously ill; that, in fact, she was at the point of death, but later rallied; but that appellant was home for weeks without visiting her. The minister further stated that he knew the family, and that the parents' attitude had been "to plot and plan to keep the boy out of service." Both the father and mother were present with appellant at the time of his trial, but neither took the witness stand, as far as the record goes.

Appellant testified that he was never denied an opportunity to offer any evidence to the board that he might desire. He declared that the board was "very fair and every time that there was something that was going to happen, I was notified of the fact. I believe that the only thing that would jeopardize their opinions or their decisions was the lack of evidence which I thought that they had"; but, as he said, he was given the right to present any evidence he wanted. In fact, on one occasion, the chairman of the board discussed his claim with him for more than an hour.

With regard to the claim that the local board failed to give appellant a hearing and classification upon his Form 150 filed September 29, 1952, as a conscientious objector, there is no evidence that he was denied a hearing, or that he requested the right to appear before the board again at this time. He had already filed one claim as a conscientious objector on May 10, 1950, and, as above mentioned, had retracted it on July 2, 1950, clearly disclosing that he was not a conscientious objector; that he would probably enlist in case of war; and that his church did not teach opposition to war any more than any other church. Before he filed his second conscientious objector claim, he had changed churches, but there is no evidence before us that the second church taught opposition to war. The chairman of the local draft board testified that after appellant had filed his second conscientious objector form, the chairman was of the belief that the board had contacted a minister and other persons; that, at any time appellant requested it, he was given the opportunity to appear before the board; and that at no time did the board decline to hear appellant or any witnesses he wished to offer with reference to giving testimony or evidence on which to base a classification.

Under Section 1624.1 of the Selective Service Regulations, every registrant, after his classification is determined by the local board, shall have an opportunity to appear in person before the members of the board designated for the purpose if he files a written request therefor within ten days after the local board has mailed a notice of classification to him. Such ten-day period may not be extended. Under Section 1624.2(a) and (b), it is provided that at the time fixed by the local board, the registrant may appear in person before the members of the board and at such appearance, may discuss his classification, may point out the class or classes in which he thinks he should have been placed, and may direct attention to any information in his file which he believes the local board has overlooked or to which he believes it has not given sufficient weight. The registrant may present such further information as he believes will assist the local board in determining his proper classification. Unless the registrant has made a request for a hearing within the ten-day period above mentioned, he is not entitled to a hearing.

Appellant was classified by the board as available for military service. There is no evidence that he ever requested a hearing on his second claim as a conscientious objector, within ten days of his classification, as provided by Section 1624.1 of the Selective Service Regulations, or at any other time. It is most doubtful that there is any evidence in the record that in our opinion would justify the board in granting appellant exemption from military service, either as a conscientious objector or as a ministerial student; and, certainly, there is no evidence or showing that the board was guilty, in any degree, of any arbitrary or unfair conduct in hearing appellant, in considering his case, and in classifying him as available for military service.

We find no error, as claimed by appellant, in the introduction of any evidence in the case. Appellant insisted upon acting as his own attorney. He not only consented to, but requested, the reading into the record of the reports and statements in his file, which were considered by the board when it declined to classify him as a ministerial student.

He stated that he desired to have submitted all the information therein that would throw any light on the case. His rights, with respect to certain evidence which was improper, were protected by the district court in its instructions to the jury, and the jury was cautioned to give no consideration to such evidence.

As to appellant's contention that the indictment charged him with failure to appear for induction on May 20, 1953, when, in fact, the date set for induction was June 2, 1953, we find this claim to be without merit. The indictment set forth that appellant "on or about May 20, 1953," unlawfully failed and refused to report for induction into the armed forces. There was only one notice of induction, and appellant, on being questioned by the court, stated that he understood that he was to report for induction on June 2, 1953. There was no error on the part of the district court in submitting the case to the jury under the indictment and proofs in the case.

In accordance with the foregoing, the judgment of the district court is affirmed.